**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ignacio Ramon Tirado Gonzalez,<br><br>Petitioner,<br><br>v.<br><br>David Shinn, et al.,<br><br>Respondents. | No. CV-20-01438-PHX-ROS<br><br>**ORDER** |

On March 9, 2021, Magistrate Judge Eileen S. Willett issued a Report and Recommendation ("R&R") recommending the petition for writ of habeas corpus be dismissed with prejudice because it was not filed within the statute of limitations. (Doc. 45). Petitioner filed objections, a sur-reply, and a supplement, which all appear to argue he has newly discovered evidence establishing he is innocent. (Doc. 46, 48, 49). Petitioner's objections do not establish the R&R's analysis was incorrect and the petition will be dismissed.

In June 1997 Petitioner and his half-brother Jose Mendoza-Felix "illegally entered a Phoenix residence." (Doc. 45 at 2; 18-1 at 96). While inside, Petitioner shot and killed one individual. Petitioner and Jose fled but were arrested a few days later. (Doc. 46 at 3). When he was arrested, Petitioner had possession of a weapon that was later determined to belong to the murdered individual. (Doc. 46 at 4). During their investigation, the police came to believe Petitioner and Jose were associated with an individual named Albert Sainz. During an encounter with Sainz, the police seized from him a "Firestar 9mm semiautomatic

pistol." (Doc. 46 at 4). Based on testing conducted in 1997, the Firestar pistol "could not be excluded" as the murder weapon. (Doc. 46 at 5).

Petitioner and Jose proceeded to trial. Jose was acquitted but Petitioner was convicted of murder in the first-degree and other charges. (Doc. 18-1 at 50). According to Petitioner, his attorney and the prosecutor "hid[] from the jury" the information regarding the Firestar pistol. (Doc. 46 at 4). Petitioner claims he first learned of the Firestar pistol's existence in 2020 when he obtained "papers from [his] case." (Doc. 46 at 20). Petitioner further claims Jose committed the murder. (Doc. 46 at 10). Petitioner seems to admit he was present at the scene of the crime.[1] But he argues it was Jose who "shot and kill[ed]" the victim. (Doc. 46 at 11).

Petitioner filed his federal petition for writ of habeas corpus in July 2020. (Doc. 1). The state responded by arguing the petition was untimely. The R&R agreed the petition was untimely under the standard calculations. The R&R also concluded the "actual innocence" exception to the statute of limitations did not apply. (Doc. 45 at 8). Petitioner then filed objections, a sur-reply, and a supplement, all of which are difficult to understand. In general, Petitioner appears to be arguing the newly discovered evidence regarding the Firestar pistol entitles him to relief.

When a petition appears barred by the one-year statute of limitations, but a petitioner is alleging newly discovered evidence, he might be attempting to make two different arguments. First, he might be arguing a new one-year limitations period started on the date he discovered the evidence that is the basis for his claims. 28 U.S.C. § 2244(d)(1)(D). Second, he might be arguing the newly discovered evidence establishes he is "actually innocent" such that the statute of limitations cannot bar his claims, regardless of when he discovered the basis for his claims. *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013). It is unclear which argument Petitioner is making but neither applies.

To be entitled to a new one-year statute of limitations under the statutory language

---

[1] Petitioner identifies the following "8 men and one woman" who were present at the "crime house": "Jose-Alberto Miguel, Chaparro, Pancho, Bola, Lopez, Leon and me and Bola or Chaparro wife." (Doc. 46 at 11).

of § 2244(d)(1)(D) a petitioner must have been "diligent." *McQuiggin*, 569 U.S. at 395. That means he must have been actively trying to obtain the evidence he now seeks to use. In this case, the evidence Petitioner cites consists of police reports from 1997. He says he did not receive copies of these reports until 2020 but he does not explain why he could not have obtained them far earlier. Without a showing of diligence, Petitioner is not entitled to a new one-year limitations period under § 2244(d)(1)(D).

The fact that Petitioner might have been able to obtain the police reports earlier does not prevent him from invoking the "actual innocence" exception to the statute of limitations. If the police reports contained sufficiently strong evidence of Petitioner's innocence, his petition may not be time-barred. To qualify as sufficiently strong, the evidence must establish "no juror, acting reasonably, would have voted to find [Petitioner] guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386. Petitioner's evidence is not close to meeting this threshold. At trial, an eyewitness identified Petitioner and Petitioner now admits he was present. (Doc. 18-2 at 13). The police reports appear to establish another individual, Albert Sainz, was found in possession of a pistol that could not be excluded as the murder weapon. Those police reports do not, however, establish the weapon seized from Sainz *was* the murder weapon. And even if they did, that would not establish Petitioner was innocent. Therefore, Petitioner has not established he is entitled to the "actual innocence" exception to the statute of limitations.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 45) is **ADOPTED IN FULL**. The Petition for Writ of Habeas Corpus (Doc. 9) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** the Motion to Strike (Doc. 50) is **DENIED AS MOOT**.

…

**IT IS FURTHER ORDERED** a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Petition is justified by a

plain procedural bar and jurists of reason would not find the procedural ruling debatable.

Dated this 30th day of April, 2021.

                                            Honorable Roslyn O. Silver
                                            Senior United States District Judge